UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELTORO KING,

                Plaintiffs,

-against-

JUAN SEBASTIAN ZULUAGA ROMERO and
PHOENIX AUTO TRANSPORT LLC,

                Defendants.

**ORDER**

22-CV-10935 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 28, 2022, Juan Sebastian Zuluaga Romero and Phoenix Auto Transport LLC (collectively, "Defendants") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

### BACKGROUND

On December 28, 2022, Defendants filed a Notice of Removal, which attached copies of the following documents: (1) Summons and Complaint (Not. of Removal, Ex. A); (2) Defendants' Answer (*id.*, Ex. B); and (3) Defendants' Demand for a Bill of Particulars (*id.*, Ex. C). Defendants, in their Notice of Removal, assert that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (Not. of Removal ¶ 3); and (2) from the Bill of Particulars, "it can be intelligently ascertained that the amount in controversy exceeds $75,000 as Plaintiff has undergone Anterior Cervical Discectomy and Fusion and multiple levels with the installation of cages and anchors, and a second emergency spinal operation for a blood clot, due to the subject accident" (*Id.*, ¶¶ 4-5).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

Here, Defendants rely on a Bill of Particulars for the premise that the amount in controversy exceeds the $75,000 threshold. (Not. of Removal, Ex. C). The Bill of Particulars does not contain a specific amount that Plaintiff seeks in damages but only discloses that Plaintiff has undergone multiple spinal surgeries and that $50,000 in no-fault benefits have been exhausted. (*Id.*). Citing

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

to New York state cases where plaintiffs have recovered more than $75,000 for injuries requiring spinal surgeries, Defendants argue that the Bill of Particulars allows them to "intelligently ascertain" than the jurisdictional amount-in-controversy requirement has been satisfied here. (Not. of Removal, ¶ 5). The Court disagrees.

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' argument in the absence of any supporting information that the amount in controversy must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

"It is likewise irrelevant that plaintiffs sometimes recover more than $75,000 in damages in cases" involving spinal surgeries, as those other cases have no bearing on the types of injuries suffered and damages available in this action. *Burrell-Hamilton v. Oden*, No. 17-CV-02634, 2018 WL 11449490, at *5 n.5 (S.D.N.Y Feb. 12, 2018). While the Bill of Particulars discloses that more

than $50,000 in no-fault benefits have been exhausted, "[t]his does not get us to $75,000.01." *Johnson-Kamara v. W. Chacon Trucking*, No. 05-CV-09900, 2006 WL 336041, at *2 (S.D.N.Y Feb. 9, 2006). Accordingly, the Court finds that based on the information contained in the Complaint, Answer, Bill of Particulars, and Notice of Removal, Defendants have failed to show that a reasonable probability exists that Plaintiff's claims meet the jurisdictional threshold.

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       December 30, 2022

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

4